Ressler et al., Appellants, *v.* Gerlach.

Argued December 17, 1958. Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (HIRT, J., absent).

*Robert Ruppin,* for appellants.

*Carl G. Herr,* for appellee.

OPINION BY GUNTHER, J., March 18, 1959:

This appeal involves a suit in trespass where the jury found for the plaintiffs and the court below granted defendant's motion for judgment n.o.v.

Plaintiffs own a piece of property in East Hempfield Township, Lancaster County and the defendant owns a lot across the street. The source of plaintiffs' water supply was a 34-foot well, which until October, 1957, produced sufficient good drinking water. On or about October 14, 1957, defendant sunk a 30 foot hole approximately 4 inches in diameter at the top and over 1 inch at the bottom on his own land and about 90 feet distant from the well of the plaintiffs. The purpose of sinking the hole was to facilitate drainage of sewage from three septic tanks servicing defendant's apartment building.

Plaintiffs had notice that the hole was being dug for drainage purposes. Three days after the hole was sunk the water in plaintiffs' well became unfit for use. Defendant upon complaint from plaintiffs withdrew the pipe from the hole and covered the opening with dirt. The well water subsequently became usable for a period of one week, but later the well went dry.

No tracer tests were made to determine whether the drainage from defendant's property caused the contamination of the well.

The question before us is whether there was sufficient evidence of negligence on defendant's side to send the case to the jury. The lower court decided that sufficient evidence was lacking to send the case to the jury and entered judgment n.o.v.

Plaintiffs contend that defendant was well aware of the circumstances surrounding the well, and that construction of the septic tanks, digging of the hole and disposing of the sewage was negligence attributable to the defendant. It is also claimed that defendant knew the depth of plaintiffs' well and that if sewage were drained to that depth the well would become contaminated. Plaintiffs argue that digging of the hole and draining the sewage was reckless, negligent and malicious. The record, however, shows that defendant after digging the hole and being notified that plaintiffs' well water became cloudy, immediately withdrew the pipe from the hole and covered up the area.

Did the lower court err in finding that there was no evidence of negligence? It was shown at the trial that plaintiffs' water well was dug through two layers of and encased in eight inches of rock and that the hole dug to drain the sewage was dug to approximately the same depth but did not go through the rock. There is also evidence to the effect that defendant sunk four water wells eight months previously and succeeded in getting only one that produced any water without disturbing plaintiffs' well. It is a well settled rule in Pennsylvania and most states that every man has a right to the natural use and enjoyment of his own property; and, if, while lawfully in such use and enjoyment, without negligence or malice on his part, an unavoidable loss occurs to his neighbor, it is damnum absque

injuria. *Pennsylvania Coal Company v. Sanderson,* 113 Pa. 126, 6 A. 453. Under ordinary circumstances, the jury will not be permitted to guess, from the mere fact of the happening of an event, whether or not defendant was negligent. The plaintiff has the duty of proving negligence which may be done by circumstantial evidence but the proof must lead to a reasonable inference of negligence. In *Collins v. Chartiers Valley Gas Co.,* 131 Pa. 143, 18 A. 1012 it was held that negligence is failure to use reasonable judgment and the defendant is negligent only if he should have known that his conduct would lead to another's injury.

A review of the evidence in this case does not show that the defendant failed to use reasonable care in drilling the hole on his property and thereby contaminating the plaintiffs' well. The interference with subterranean waters seeping into private wells is without a right of recovery where no negligence is present. The jury found that defendant was negligent in causing the plaintiffs' well to become contaminated and to dry up; but negligence in this sense is the absence of such care and regard for the rights of others as a prudent and just man would and should have in the same situation. If the plaintiffs had shown that the injury was plainly to be anticipated they would be entitled to recover. There is no testimony to show that the contamination and the drying up of the well was preventable with reasonable care and expense. We are in agreement with the decision of the court below that there was no basis upon which the jury could find the defendant negligent and, therefore, liable for the plaintiffs' injury.

Judgment is affirmed.